UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONISIO D. POSILERO,<br><br>    Plaintiff,<br><br>   v.<br><br>LOS ANGELES SUPERIOR COURT,<br><br>    Defendant.<br>_____/ | No. C-08-04547 JCS<br><br>**ORDER GRANTING PLAINTIFF'S REQUESTS TO PROCEED IN FORMA PAUPERIS, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, DENYING PETITION FOR WRIT OF MANDAMUS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**[Docket Nos. 2,3,7]** |

**I.     INTRODUCTION**

On September 23, 2008, Plaintiff Dionisio Posilero filed in this Court: 1) a complaint; 2) a Petition for Writ of Mandamus and Prohibition, and Other Extraordinary Writ ("Petition"); and 3) an application to proceed in forma pauperis. On November 12, 2008, Plaintiff filed a request for appointment of counsel. On January 15, 2009, Plaintiff consented to the jurisdiction of a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court GRANTS the application to proceed in forma pauperis, DENIES the request for appointment of counsel without prejudice, DENIES the Petition and DISMISSES Plaintiff's complaint with leave to amend.

**II.    BACKGROUND**

In his Petition, Plaintiff states that he seeks a writ of mandamus for the following reasons:

> That the Superior Court of California neglected to treat officially my petition for probate action of the Will and Testament of PONCIO F. DUCULAN inspite [sic] that this case was properly filed and docketed under case # BP 080072 on Jan. 18, 2003, but there has not been issued any order or opinion furnish me by the lower court, instead, one who is named by CRISTINA informally written me of an alleged order of this Court with inconsistencies, therefore, this Writ of Mandamus is necessary to correct or standardize this procedural defect

> because any official acceptance of the lower court should be given that importance for consideration.

Petition at 1. In his complaint, concurrently filed with the Petition, Plaintiff alleges, in part, as follows:

> Undersigned Pro Se plaintiff respectfully file[s] this formal complaint against any and all officers of the LA Superior Court for their remission of performing their functions together with the violation of Personnel Malpractice (552(A)) on grounds of hereto attached appendages, and this complaint is based on 28 U.S.C. Section 1346, and/or supported by Section VII for preliminary injunction under FRCP 12(a).

Complaint at 1. In his Prayer for Relief, Plaintiff states that "my demand is worth $5,000,000.00 for all the redressable injuries that I incurred representing my moral, exemplary, and incidental damages for which I shall be paid." *Id*. at 2.

## III.   ANALYSIS

### A.   Application to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), the Court may authorize a party to proceed in forma pauperis, or without prepayment of fees, if the party submits an affidavit showing that he is unable to pay such fees. The Court has reviewed Plaintiff's application and finds that he is unable to pay the filing fee in this action. Accordingly, the request to proceed in forma pauperis is GRANTED.

### B.   Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the court is authorized to appoint an attorney to represent any person unable to afford counsel where there are "exceptional circumstances." 28 U.S.C § 1915(e)(1); *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). Thus, the Court must find both that Plaintiff qualifies for in forma pauperis status and that he meets the "exceptional circumstances" requirement. While Plaintiff qualifies for in forma pauperis status, the Court finds that the "exceptional circumstances" requirement is not met. In particular, for the reasons stated below, the Court concludes that Plaintiff's complaint is subject to dismissal. Therefore, the Court denies the request to appoint counsel at this time, without prejudice.

### C. Review Under 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B), a federal court must engage in a preliminary screening of cases in which a party is proceeding in forma pauperis and dismiss any claims which are: 1) frivolous or malicious; 2) fail to state a claim on which relief may be granted; or 3) seek monetary relief against a defendant who is immune from such relief. Here, Plaintiff's case must be dismissed for two reasons.

First, to the extent that Plaintiff brings his case as a mandamus action seeking to compel the California Superior Court to act in a probate case in that court, this Court has no jurisdiction. Under the federal mandamus statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. It is well-established, however, that "[f]ederal courts are without power to direct state courts or their judicial officers in the performance of their duties." *Muses v Superior Court*, 1995 WL 261393 *1 ( N.D. Cal. April 25, 1995). On this basis, courts have held that "a petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law." *Id*. Further, even where plaintiffs have styled their complaints as requests for injunctive or declaratory relief, courts have held that "a request for injunctive or declaratory relief [ ] which asks a federal court to order a state officer or agency to perform certain duties [ ] is not a request for injunctive relief or declaratory relief – it is a request for a writ of mandamus." *Kress v. Copple-Trout*, 2008 WL 2095602 (D. Idaho May 16, 2008). Thus, the Court does not have jurisdiction over Plaintiff's request for mandamus or for injunctive relief.

Second, to the extent that Plaintiff's complaint seeks damages in addition to injunctive relief, that request fails because the Superior Court of Los Angeles County is an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court. *Jernigan v. Superior Court of State of California for County of Santa Clara*, 2003 WL 21640489 (N.D. Cal. July 7, 2003). Similarly, with respect to the judges and other court personnel referenced generally in Plaintiff's complaint, such individuals are absolutely free from liability for damages for acts performed in their official

capacity. *Ricotta v. State of California*, 4 F. Supp. 2d 961, 972 (S.D. Cal. 1998). As the Court in *Ricotta* explained, this immunity is broad:

> Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." . . . . Judicial immunity is not affected "by the motives with which their [Judges] judicial acts are performed." . . . . Thus, intent does not play a role in the immunity analysis. . . . "A judge will not be deprived of immunity because the action he [she] took was in error, was done maliciously, or was in excess of his [her] authority; rather he [she] will be subject to liability only when he [she] has acted in the clear absence of all jurisdiction." . . . Further, "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence.". . . . The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. . . .To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity, which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.

*Id*. (citations omitted). While there is an exception to judicial immunity where a judge acts "in clear absence of all jurisdiction or performs an act that is not judicial in nature," *id*., Plaintiff has alleged no facts that suggest this exception applies here.

**IV.   CONCLUSION**

For the reasons stated above, Plaintiff's Application to Proceed in Forma Pauperis is GRANTED. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Plaintiff's Petition is DENIED. Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff shall be permitted to amend his complaint, within forty-five (45) of the date of this Order, to state a cognizable claim. If no amended complaint is filed by that date, the Clerk is directed to close the file in this case.

IT IS SO ORDERED.

Dated: March 5, 2009

_____
JOSEPH C. SPERO
United States Magistrate Judge

4